UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
KENTA GABRIEL LITTLE,                                              :
                                                                   :
                                    Plaintiff,                     :
                                                                   :         20 Civ. 5431 (JPC) (RWL)
                 -v-                                               :
                                                                   :              OPINION AND
                                                                   :                 ORDER
COMMISSIONER OF SOCIAL SECURITY,                                  :
                                                                   :
                                    Defendant.                     :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Commissioner of the Social Security Administration denied *pro se* Plaintiff Kenta

Little's applications for disability insurance benefits and supplemental security income.  Little then

sued the Commissioner under 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the

denial of his applications.  The case was referred to the Honorable Robert W. Lehrburger for a

Report and Recommendation.  Dkt. 6.  After the Government moved to dismiss, Judge Lehrburger

recommended that this Court dismiss Little's claims ("Original Report and Recommendation").

Dkt. 34 ("Orig. R&R").   Following Little's objections to the Original Report and

Recommendation, Judge Lehrburger filed a Corrected Report and Recommendation.  Dkt. 36

("Corr. R&R").  Now before the Court are Little's objections to the Corrected Report and

Recommendation.  *See* Dkt. 38 ("Objections").  For the reasons below, the Court adopts the

Corrected Report and Recommendation in its entirety, with one small clarification.

## I.  Legal Standards

       A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C.

§ 636(b)(1)(C).  Within fourteen days after a party has been served with a copy of a magistrate

judge's report and recommendation, the party "may serve and file specific written objections to

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  If a party submits a proper

objection to any part of the magistrate judge's disposition, the district court conducts *de novo*

review of the contested section.  Fed. R. Civ. P. 72(b)(3).

"The objections of *pro se* parties are generally accorded leniency and should be construed

to raise the strongest arguments that they suggest." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)

(JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quotations omitted).  "Nonetheless,

even a *pro se* party's objections to a Report and Recommendation must be specific and clearly

aimed at particular findings in the magistrate's proposal, such that no party be allowed a second

bite at the apple by simply relitigating a prior argument." *Id.* (quotations omitted).

A court may also "accept those portions of a report to which no specific, written objection

is made, as long as the factual and legal bases supporting the findings are not clearly erroneous."

*Cameron v. Cunningham*, No. 13 Civ. 5872 (KPF) (FM), 2014 WL 4449794, at *2 (S.D.N.Y. Sept.

9, 2014) (quotations omitted).  A magistrate judge's decision is clearly erroneous only if the Court

is "left with the definite and firm conviction that a mistake has been committed."  *Easley v.*

*Cromartie*, 532 U.S. 234, 242 (2001) (quotations omitted).

## II.  Discussion

Little raises several objections to the Corrected Report and Recommendation, which fall

into three categories: those attacking Judge Lehrburger's findings that he did not comply with the

statute of limitations, those challenging Judge Lehrburger's recommendation that equitable tolling

does not apply, and more general objections.  The Court assumes the parties' familiarity with the

facts and procedure of this case and therefore proceeds to address the Objections on the merits.

First, Little objects to the Corrected Report and Recommendation's finding that he did not

comply with 42 U.S.C. § 405(g)'s sixty-day filing requirement.  The Notice of Appeals Council

Action is dated August 2, 2019, Dkt. 14 at 22, which made October 7, 2019 the deadline to initiate

a civil action in federal court pursuant to section 405(g).  Yet, Little never sought an extension to

file his civil action, *see* Dkt. 14 ¶ 3(b), and did not initiate this case until July 10, 2020, *see* Dkt. 2

("Complaint").  In his Objections, however, Little points to a footnote in the Corrected Report and

Recommendation that says that "the Appeals Council Notice is dated August 2, 2021."  Corr. R&R

at 4 n.3.  Little reasons that because "the Judge himself has established the corrected Appeals

Council Notice [as] August 2, 2021," the sixty-day timer began on that date.  Objections at 3-4.

So in Little's view, he complied with the statute of limitations when he filed the Complaint on July

10, 2020.  *Id.* at 4.

Little's contention that somehow the actual date of the Notice of Appeals Council Action

should be treated as August 2, 2021 fails for multiple reasons.  To start, Little first raised this

argument in his recent Objections before this Court.  *Compare* Objections at 3-4 *with* Dkts. 35,

37.[1]  He therefore forfeited the argument.  *See United States v. Gladden*, 394 F. Supp. 3d 465, 480

(S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new

arguments raised in objections to a magistrate judge's report and recommendation that could have

been raised before the magistrate but were not." (quotations omitted)).  Moreover, the reference in

footnote 3 of the Corrected Report and Recommendation to August 2, 2021 as the date of the

---

[1] Notably, the Original Report and Recommendation had the same obvious scrivener's error referencing "August 2, 2021," *see* Orig. R&R at 4 n.3, yet Little did not raise this argument in his objections to that Report and Recommendation, *see generally* Dkts. 35, 37.

Appeals Council Notice was clearly a scrivener's error.[2]  As noted, the record demonstrates that

the Notice of Appeals Council Action was dated August 2, 2019, not August 2, 2021.  *See* Dkt. 14

at 22.  In fact, Little alleges in his Complaint that he "received the letter from the Appeals Council

on 8-1-2019."  Complaint at 2.  And the Corrected Report and Recommendation notes the correct

August 2, 2019 date at multiple points.  *See* Corr. R&R at 2, 4.  Thus, notwithstanding the

Corrected Report and Recommendation's scrivener's error in footnote 3, Judge Lehrburger

correctly found that Little failed to file the Complaint within the statutory limitation period.

Second, Little objects to Judge Lehrburger's determination that equitable tolling does not

justify extending the statute of limitations.  He first contends that exceptional circumstances

warrant equitable tolling because his medical records "show hospitalizations and mental health

treatment from September 2019 until July 2020."  Objections at 3.  He then argues that equitable

tolling should apply because the Commissioner "undermined and politicized" benefits and

otherwise engaged in "corrupt practices."  *Id.*

There are multiple reasons why Little's equitable tolling arguments fail.  With regard to

mental health arguments, Little attached to his Objections medical records to support his

contention that his medical condition warranted equitable tolling.  *See id.*, Exhs. 1, 2.  Yet Little

never submitted these records for Judge Lehrburger to consider.  As discussed, courts do not

generally consider "new arguments and new evidence raised in objections to a magistrate judge's

report and recommendation that were not raised, and thus were not considered, by the magistrate

judge."  *Jones v. N.Y. Dep't of Corr. (DOC) Jail*, No. 11 Civ. 4477 (PAC) (AJP), 2012 WL

---

[2] This is made plain by the full context of the footnote: "Little's Complaint states that he received the Appeals Council Notice on August 1, 2019.  (Complaint at ECF p. 2.)  That cannot be correct because the Appeals Council Notice is dated August 2, 2021.  As noted earlier, the presumed date of receipt – August 7, 2019– is more advantageous to Little, but not materially so." Corr. R&R at 4 n.3.

1232963, at *2 (S.D.N.Y. Apr. 12, 2012); *see also Gladden*, 394 F. Supp. 3d at 480.  For example,

in *Jones*, another judge in this District did not consider "four pages of new medical records"

because the plaintiff had not submitted the records to the magistrate judge to consider.  *Jones*, 2012

WL 1232963, at *2

Even if this Court were to consider the new evidence, Little's submissions would not

disturb any findings made by Judge Lehrburger.  Little's two submissions say that he suffers from

"clinical Depression, Chronic Pain, Complex PTSD, TBI, [and] Neuropathy," Objections, Exh. 1,

and recommend that he "enter into an In-Patient PTSD Program," *id.*, Exh. 2 at 2.  But neither

submission says that Little underwent medical procedures or that he was hospitalized.  Thus, the

letters do not even support Little's contention before Judge Lehrburger that he was

"hospitalized . . . [and] underwent a series of medical procedures."  Dkt. 27 ("Opposition to

Motion to Dismiss") at 1.  And Little has not said—nor do the two filings show—how these

conditions "adversely affected h[is] capacity" to pursue his claim.  *Boos v. Runyon*, 201 F.3d 178,

185 (2d Cir. 2000); *accord Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir. 1991) (finding that

a *pro se* litigant's mental impairment only warrants equitable tolling when the plaintiff is deprived

of the ability to understand or act), *aff'd on reh'g*, 947 F.2d 45 (2d Cir. 1991).

And even accepting Little's assertions as true, the equitable tolling period would still have

ended at the latest in April 2020 when he remembered the deadline to file his papers.  *See*

Opposition to Motion to Dismiss at 1 (Little stating that he "didn't remember the complaint

deadline until April of 2020"); *see* Corr. R&R at 3, 10.  Yet Little waited 81 days to file the

Complaint, and he has provided no information to suggest that "he ha[d] been pursuing his rights

diligently" during that period.  *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005).  Thus, "[t]hat

period alone, at least 81 days, well-exceeded the entire limitations period."  Corr. R&R at 10.

Little's second objection to the Corrected Report and Recommendation's equitable tolling findings—*i.e.*, that the Commissioner "undermined and politicized" benefits and engaged in corruption, Objections at 3—fairs no better.  Again, Little did not raise this argument before Judge Lehrburger and therefore forfeited it.  *See Gladden*, 394 F. Supp. 3d at 480; *see generally* Opposition to Motion to Dismiss.  Regardless, Little's argument here lacks merit.  The Court tolls a statute of limitations for government misconduct only "in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam).  Little has provided no evidence showing that the Commissioner somehow prevented him from timely initiating this action.

Third, Little raises three general objections.  Little objects because the first page of the Original Report and Recommendation referred to Little as "her" instead of "he."  Objections at 1; *see* Orig. R&R at 1.  He also objects to the Corrected Report and Recommendation because the copy "sent to [Little] ha[d] a dark black line going down every page throughout the entire report making it impossible for [him] to read and understand."  Objections at 2.  And Little objects to the Original Report and Recommendation because it referred to him twice as "Kendra Little" instead of "Kenta Little."  *Id.* at 1; *see* Orig. R&R at 1, 13.

These objections neither identify "particular errors in the reasoning of" Judge Lehrburger, nor "explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound." *Jackson v. Morgenthau*, No. 07 Civ. 2757 (SAS) (THK), 2009 WL 1514373, at *1 (S.D.N.Y. May 28, 2009) (quotations and footnotes omitted).  They are instead general objections that trigger only clear error review.  *See Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014). The Court finds no clear error in the Corrected Report and Recommendation.

The Court also notes that the Corrected Report and Recommendation fixed Little's pronoun and the spelling of his first name.  *Compare* Original R&R at 1, 13 *with* Corrected R&R at 1, 13. And even if the hard copy of Corrected Report and Recommendation that Little received had a printing error, Little read and comprehended the document well enough to submit his Objections to this Court.  He also met the fourteen-day deadline to file the Objections.  *See* Fed. R. Civ. P. 72(b)(2).  Thus, any deficiency in how the Corrected Report and Recommendation printed did not prejudice Little.

Finally, the Court has reviewed the entire Corrected Report and Recommendation, including those portions to which Little did not object, and finds it to be well-reasoned and its conclusions well-founded.  The Court therefore fully adopts the Corrected Report and Recommendation, except to clarify that the date in footnote 3 should be August 2, 2019.

## III.  Conclusion

For these reasons, the Court adopts the Corrected Report and Recommendation in its entirety, except clarifying that footnote 3 of that report should reflect "August 2, 2019" as the date of the Appeals Council Notice.  The Clerk of the Court is respectfully directed to mail a copy of this Order to Kenta Little and close this case.

SO ORDERED.

Dated: November 10, 2021
    New York, New York                                          JOHN P. CRONAN
                                                          United States District Judge